UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARI GARCIA, | ) |
|         Plaintiff, | ) |
| v. | )   Case No. 07-CV-0156-CVE-SAJ |
| SHELTER GENERAL INSURANCE COMPANY, | ) |
|         Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Remand (Dkt. # 12). Plaintiff Shari Garcia ("Garcia") filed a complaint in the District Court of Wagoner County, Oklahoma on March 16, 2006. In her complaint, Garcia seeks damages for tortious breach of contract and for breach of the duty of good faith and fair dealing in excess of $10,000.[1] Dkt. # 2-4, at 2-3. On July 17, 2006, the District Court of Wagoner County granted defendant Shelter General Insurance Company's ("Shelter") motion to transfer venue from Wagoner County to Tulsa County. Dkt. # 2-4 at 29. Defendant filed a notice of removal on March 14, 2007 on the ground of diversity jurisdiction. Dkt. # 2-1. Plaintiff now asks the Court to remand this case to the District Court of Tulsa County.

---

[1]  In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

OKLA. STAT. tit. 12, § 2008(2).

Because defendant filed the notice of removal more than thirty days after defendant received a copy of the initial pleading, the sole question is whether defendant properly and timely removed this action pursuant to the second paragraph of 28 U.S.C. § 1446(b), which reads:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[2]

In its notice of removal, defendant states that it first became aware that the amount in controversy exceeded $75,000 when counsel for defendant spoke with plaintiff's counsel via telephone on February 28, 2007. Dkt. # 2-1, ¶ 11. Counsel for defendant "inquired as to the amount of damages sought by Plaintiff and if Plaintiff is seeking damages in excess of $75,000. At that time, Plaintiff's counsel advised that Plaintiff was seeking damages in excess of $75,000." Id. Plaintiff contends that removal was improper because (1) oral communication cannot suffice for removal; and (2) defendant had notice prior to the February 28, 2007 conversation that the amount in controversy exceeded $75,000.

The plain language of § 1446(b) suggests that the communication triggering removal must be written, not oral. Section 1446(b) requires that defendant must receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Also, the Tenth Circuit has held that removal statutes should be strictly construed against removal. See Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005)

---

[2] The Court notes that defendant filed the notice of removal before the 1-year time limitation for removing diversity actions lapsed.

2

(holding that if removal is appropriate, the court should adopt a "reasonable, narrow construction"); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("there is a presumption against removal jurisdiction"); Fajen v. Found. Reserve Ins., 683 F.3d 331, 333 (10th Cir. 1982) ("removal statutes are to be strictly construed and all doubts are to be resolved against removal" (citations omitted)). Strict construction suggests that the Court should read the phrase "other paper" narrowly to exclude oral communication.

Other courts have ruled that oral communications – except for depositions which are transcribed into writing or statements made in court – do not trigger removability under § 1446(b). In Smith v. Bally's Holiday, 843 F. Supp. 1451 (N.D. Ga. 1994), the defendant sought to remove the case under the second paragraph of § 1446(b) based on an oral telephone conversation where the plaintiff indicated that the damages sought were "in the six figure range." The court concluded that "oral communication between counsel, not reduced to writing (or not capable of immediate reduction to writing)" did not satisfy the language of § 1446(b). Likewise, in Sunburst Bank v. Summit Acceptance Corp., 878 F. Supp. 77, 81 (S.D. Miss. 1995), the court found that notice under § 1446 must be in writing, though it need not be "served" in a formal legal sense. Finally, according to a major treatise on civil procedure:

> Although the requisite notice may be communicated in either a formal or informal manner, the communication nevertheless should still be in writing, and oral statements often will not qualify as constituting notice that is provided by an 'other paper' that will trigger removability under the second paragraph of Section 1446(b). A limited exception to this principle is that a renewed period of removability can be triggered by oral statements made in the courtroom during the course of the action.

14C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3732 (3d.1998).

Given the plain language of § 1446(b) and the presumption against removal, this Court agrees with the above authority and finds the telephone communication between counsel insufficient to satisfy the requirement of § 1446(b). Even if defendant did not have notice prior to the February 28, 2007 telephone conversation that the amount in controversy exceeded $75,000, defendant's removal of the action based on that conversation was premature.[3] Therefore, the Court grants plaintiff's motion to remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 12) is hereby **granted**. The Court hereby directs the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

**DATED** this 2nd day of May, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] If defendant obtains a written statement that puts it on notice that the amount in controversy exceeds $75,000, defendant may not remove the action because the one-year time limitation for removing a diversity action passed on March 16, 2007. Thus, while this notice of removal was premature, any other attempt to remove the action would be untimely.

4