# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SHARI GARCIA,                    )
                                 )
        Plaintiff,            )
                                 )
v.                               )   Case No. 07-CV-156-CVE-SAJ
                                 )
SHELTER GENERAL INSURANCE        )
COMPANY,                         )
                                 )
        Defendant.            )

## REPORT AND RECOMMENDATION

On May 2, 2007, the Court granted Plaintiff's Motion to Remand in this matter. *See* Opinion and Order, Dkt. # 17. Plaintiff subsequently filed a motion seeking attorney's fees (Dkt. # 19) in the amount of $2,050.00. The Honorable Claire V. Eagan referred the motion to the undersigned United States Magistrate Judge for a report and recommendation. Plaintiff argues that the Court should exercise its discretion to award fees because the removal was improper. Defendant asserts that fees are not warranted because it had a valid and objectively reasonable basis for the removal. For the reasons set forth below, the undersigned recommends that the motion for attorneys fees (Dkt. # 19) be denied.

**I.    Review**

The removal statute provides that the Court may award costs, including attorneys fees, if the Court remands a case to state court.

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). Affirming a decision from the Tenth Circuit Court of Appeals, the United States Supreme Court found that "the standard for awarding fees should turn on the

reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L.Ed.2d 547 (2005). There is no presumption to award fees or not to award them. *Id.* at 709-11. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 711.[1]

In this case, Defendant had an objectively reasonable basis for seeking removal even though the District Court ultimately found Defendant's means of establishing that basis insufficient. Based upon a statement by Plaintiff's counsel that Plaintiff was seeking damages in excess of $75,000, Defendant asserted in the Notice of Removal that the amount in controversy exceeded the requisite jurisdictional amount for diversity jurisdiction. *See* Notice of Removal, Dkt. # 2, at 3. However, Plaintiff's counsel made that statement in a telephone conversation with Defendant's counsel and not in written form. Plaintiff moved to remand, alleging that a telephone communication did not satisfy the requirements of the removal statute, and the District Court agreed.

The District Court found that the telephone communication between counsel was insufficient to satisfy the requirement of 28 U.S.C. § 1446(b), which provides in relevant part:

---

[1] Prior to the *Martin* decision, the Tenth Circuit consistently held that, in determining whether or not to award fees following remand, the district court was to focus on the "propriety" of the removal. *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997) (affirming the award of fees); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (same); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994) (affirming the denial fees).

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first be ascertained that the case is one which is or has become removable, . . .

*Id.* The Court reasoned that "[t]he plain language of § 1446(b) *suggests* that the communication triggering removal must be written, not oral." Order, Dkt. # 17, at 2 (emphasis added). Further, the Court explained that case law has created presumption against removal,[2/] and courts in other jurisdictions have ruled that oral communications (other than depositions which are transcribed into writing or statements made in court) do not trigger removability under § 1446(b).[3/] Finally, the Court cited a treatise on civil procedure which posits that the communication providing the requisite notice, "*should* still be in writing, and oral statements *often* will not qualify as constituting notice that is provided by an 'other paper' that will trigger removability under the second paragraph of Section 1446(b)." Order, Dkt. # 17, at 3 (citing 14C *C. Wright & A. Miller, Federal Practice and Procedure: Jurisdiction* § 3732 (3d ed. 1998)) (emphasis added).

While the Court's opinion is well-reasoned and undoubtedly correct, the result was not so obvious as to effectively penalize Defendant for failing to anticipate it. The statute does not explicitly preclude removal based on an oral representation of the amount in controversy,[4/] and the case law that clarifies the issue is not from this jurisdiction.

---

[2/] *E.g., Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Found. Reserve Ins.*, 683 F.3d 331, 333 (10th Cir. 1982).

[3/] *Smith v. Bally's Holiday*, 843 F. Supp. 1451 (N.D. Ga. 1994); *Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 81 (S.D. Miss. 1995).

[4/] Likewise, the local rule upon which Plaintiff relies does not explicitly preclude removal
(continued...)

Accordingly, the undersigned is inclined to give Defendant the benefit of the doubt and find that Defendant had a reasonably objective, albeit insufficient, basis for seeking removal.[5/] To hold otherwise would reward plaintiffs who know that the amount in controversy exceeds the requisite jurisdictional amount for diversity jurisdiction to be less than forthcoming in their negotiations with defendants, to engage in unwarranted gamesmanship, and to deny defendants the opportunity the law provides to seek removal of an appropriate case to a federal forum. The Court is unwilling to award attorney's fees on a remand because of insufficient jurisdictional amount to Plaintiff's counsel who verbally represented there was sufficient jurisdictional amount.

## II.   Recommendation

The undersigned United States Magistrate Judge recommends that the District Court **deny** the Plaintiff's motion for attorney's fees (Dkt. # 19) resulting from the removal and subsequent remand of the above-captioned action.

---

[4/](...continued)
based on an oral representation of the amount in controversy. In relevant part, it provides that

> the notice or removal shall include *either*:
> (1)   A particularized statement of facts upon which the jurisdictional amount is based set forth in accordance with applicable law; *or*
> (2)   With respect to at least one plaintiff in the state court action, either a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy or an admission by such plaintiff in response to a request for admissions.

LCvR 81.3(a) (emphasis added).

[5/] Defendant points out that it also based its attempt at removal on the fact that, under Oklahoma law, if Plaintiff proves its claims, Plaintiff may recover actual and punitive damages in an amount equal to twice actual damages and/or Five Hundred Thousand Dollars ($500,000), whichever is greater. (*See* Resp. Dkt. # 21, at 2.) However, Defendant did not argue that basis in its response to Plaintiff's Motion to Remand, the Court did not address that issue in its Order granting remand and, in light of the discussion herein, the undersigned sees no need to address it at this point.

**III.     Objections**

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 11th day of January, 2008.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge