# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARI GARCIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 07-CV-0156-CVE-SAJ |
| SHELTER GENERAL INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are Magistrate Judge Sam A. Joyner's Report and Recommendation (Dkt. # 25) on Plaintiff's Motion for Fees and Brief in Support (Dkt. # 19) and Plaintiff's Objection to Magistrate's Report and Recommendation (Dkt. # 26). Plaintiff requests de novo review of the magistrate judge's recommendation to deny her motion for attorney fees under 28 U.S.C. § 1447(c).

### I.

Plaintiff Shari Garcia filed the instant civil action in the District Court of Wagoner County, Oklahoma on March 16, 2006.[1] In her complaint, plaintiff seeks damages in excess of $10,000 from her automobile insurer for breach of contract and for breach of the duty of good faith and fair dealing. See Dkt. # 2-4, at 2-3. On March 14, 2007, defendant filed a notice of removal on the ground of diversity jurisdiction. Dkt. # 2-1. Shortly thereafter, plaintiff moved to remand, alleging that a telephone conversation between counsel as to the amount in controversy did not satisfy the

---

[1] The action was later transferred to the District Court of Tulsa County, Oklahoma. Dkt. # 2-4, at 29.

requirements of the removal statute. This Court agreed and remanded the action to state court. Dkt. # 17, at 4.

Plaintiff subsequently filed a motion for attorney fees for improper removal. Dkt. # 19. Plaintiff's motion was referred to Magistrate Judge Sam A. Joyner. On January 11, 2008, the magistrate judge issued a report and recommendation, recommending that plaintiff's motion be denied, because "Defendant had a reasonably objective, albeit insufficient, basis for seeking removal." Dkt. # 25, at 4. The magistrate judge correctly summarized this Court's Order (Dkt. # 17) and concluded that neither the removal statute, 28 U.S.C. § 1446(b), nor the local rules, LCvR 81.3(a), "<u>explicitly</u> preclude removal based on an oral representation of the amount in controversy." <u>Id.</u> at 3 (emphasis added). The magistrate judge found that "the result [of this Court's Order] was not so obvious as to effectively penalize Defendant for failing to anticipate it. . . . [T]he case law that clarifies the issue is not from this jurisdiction." <u>Id.</u> Accordingly, the magistrate judge "[wa]s unwilling to award attorney's fees on a remand because of insufficient jurisdictional amount" when plaintiff's counsel had verbally represented that a sufficient jurisdictional amount existed. <u>Id.</u> at 4. In arriving at this conclusion, the magistrate judge noted that this holding would discourage improper conduct by plaintiffs and protect defendants' removal rights in appropriate cases.[2] <u>Id.</u>

---

[2] The magistrate judge summarized the policy considerations as follows:
> To hold otherwise would reward plaintiffs who know that the amount in controversy exceeds the requisite jurisdictional amount for diversity jurisdiction to be less than forthcoming in their negotiations with defendants, to engage in unwarranted gamesmanship, and to deny defendants the opportunity the law provides to seek removal of an appropriate case to a federal forum.

<u>Id.</u> at 4.

2

## II.

The Court must conduct a <u>de novo</u> review of the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>See</u> <u>also</u> <u>Northington v. Marin</u>, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

The magistrate judge concluded that defendant had a reasonably objective, albeit insufficient, basis for seeking removal. Plaintiff objects to this conclusion on two separate grounds: (1) that the magistrate judge arrived at this conclusion without mentioning LCvR 81.3(b) or the "prevalence of case law" cited by plaintiff; and (2) that the magistrate judge's general "policy determination" was made without regard to the particular "events" of this case. The Court finds that both of these arguments lack merit.

Local Civil Rule 81.3(b) provides that where a defendant does not include certain statements in the notice of removal, "the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction." While this Court acknowledges that the magistrate judge, indeed, failed to mention this provision in the report and recommendation, this Court finds that this omission is immaterial. Local Civil Rule 81.3(b) simply gives this Court discretion to grant remand. It does not dictate remand. It does not <u>explicitly</u> preclude removal based on an oral representation

of the amount in controversy. And thus it does not undermine the magistrate judge's recommendation.

With regard to "the prevalence of case law" that the magistrate judge allegedly disregarded, the Court finds that the report and recommendation includes all of the relevant case law cited in plaintiff's briefs. The first half of plaintiff's motion is dedicated to reurging arguments pertaining to the propriety of removal and the appropriateness of remand, issues already addressed by this Court in its previous order (Dkt. # 17). The second half of the motion, which actually discusses the appropriateness of granting attorney fees, cites only two cases. The first case, Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), is discussed by the magistrate judge in his report and recommendation. The second case, Shipley v. Kanner, No. 06-CV-0138-CVE-PJC, 2006 WL 1207720 (N.D. Okla. May 1, 2006), is distinguished by plaintiff as inapplicable. Thus, the magistrate judge's failure to mention Shipley is inconsequential. As to plaintiff's reply brief, plaintiff commits nearly her entire argument to refuting defendant's response. See Dkt. # 24, at 2-3. In fact, the only case she cites in support of her assertion that fees should be awarded due to defendant's objectively unreasonable removal is Martin, 546 U.S. at 140, which again, was explicitly discussed by the magistrate judge. Therefore, this Court finds that the magistrate judge did not overlook relevant case law cited in plaintiff's briefs.

With regard to plaintiff's "policy determination" argument, the magistrate judge did not frame his report and recommendation in terms of any general "policy determination." Instead, the report and recommendation turned on the findings: (a) that neither the removal statute, 28 U.S.C. § 1446(b), nor the local rules, LCvR 81.3(a), "explicitly preclude removal based on an oral representation of the amount in controversy," and (b) that "the result [of this Court's Order] was not

4

so obvious as to effectively penalize Defendant for failing to anticipate it." Dkt. # 25, at 3 (emphasis added). Even if the "policy determination" did factor into the magistrate judge's recommendation — and was not just an afterthought — plaintiff does not actually object to these policies. Instead, plaintiff argues that a different policy should have been considered in light of defendant's "unwarranted gamesmanship" during discovery in state court. Dkt. # 26, at 2. She avers that "denying Plaintiff's motion for fees, in light of the conduct of the parties, furthers a "policy of allowing defendant's [sic] to use improper removals as a tool to inflict unnecessary costs, burdens, and delays, without any worry about being held accountable." Id. at 2-3. This Court fails to see the logic in plaintiff's argument. First, whether defendant behaved improperly during discovery in state court is of absolutely no import to the reasonableness inquiry here. Second, the magistrate judge's recommendation clearly does not relieve defendants of accountability when they file improper and objectively unreasonable removals. Third, this Court will base its decision only on arguments raised before the magistrate judge. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Because plaintiff failed to raise this alternative policy argument before the magistrate judge, this Court will not consider it as a basis for objection now. This Court concludes, therefore, that both of plaintiff's objections are wholly without merit

**IV.**

The Court has conducted a de novo review of the record and the report and recommendation, and finds that the report and recommendation should be accepted without modification.

**IT IS THEREFORE ORDERED** that Magistrate Judge Sam A. Joyner's Report and Recommendation (Dkt. # 25) is **accepted**, Plaintiff's Objection to Magistrate's Report and Recommendation (Dkt. # 26) is **denied**, and Plaintiff's Motion for Fees and Brief in Support (Dkt. # 19) is **denied**.

**DATED** this 11th day of February, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT